1  JULIE A. TOTTEN (STATE BAR NO. 166470)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
2  400 Capitol Mall
   Suite 3000
3  Sacramento, CA 95814-4497
   Telephone:   +1-916-447-9200
4  Facsimile:   +1-916-329-4900

5  MICHAEL D. WEIL (STATE BAR NO. 209056)
   mweil@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
7  405 Howard Street
   San Francisco, CA 94105-2669
8  Telephone:   +1-415-773-5700
   Facsimile:   +1-415-773-5759
9
   Attorneys for Defendants
10 INSTITUTIONAL TRADING CORPORATION (erroneously
   sued as "Institutional Trading Company" and IT.COM

11

12                UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

16 | KWONG YUNG,                                | Case No. 07-CV-5949

17 |         Plaintiff,                         | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR CHANGE OF VENUE**

18 |   v.

19 | INSTITUTIONAL TRADING COMPANY, a corporation, IT.COM, a corporation, DOES 1
20 | to 10,,
                                                  Date:    February 22, 2008
21 |         Defendants.                           Time:    10:00 a.m.
                                                  Courtroom: 1, 17th Floor
22                                                Judge:   Honorable Samuel Conti

23

24

25

26

27

28

I.  **INTRODUCTION**

Plaintiff Kwon Yung's seven sentence opposition to Defendants Institutional Trading Corporation's ("ITC") and IT.com's (collectively "Defendants") Motion to Dismiss for lack of personal jurisdiction does not provide sufficient facts or any legal basis to satisfy his burden of demonstrating that this Court has personal jurisdiction over Defendants. The only evidence Plaintiff produces to prove jurisdiction is his bare declaration, which is riddled with vague and conclusory statements, inconsistencies, and outright fabrications, which contradict his own prior statements and documents submitted by Defendants, including his own W-2 and W-4. He attaches no documents and lays no foundation for any statement he makes. His declaration and statements therein are inadmissible and should be stricken. *See* Defendants' Objections To Evidence, filed herewith. Although Defendants understand that, for purposes of this motion, conflicts between the parties over statements contained in affidavits must be resolved in the Plaintiff's favor, this Court does not have to accept Plaintiff's statements that are contradicted by documentary evidence or turn a blind eye to Plaintiff's demonstrably untrue and perjurous declaration. *See* Federal Rule of Civil Procedure 11.

Even if this Court accepts Plaintiff's perjurous statements, they are insufficient to meet his burden of establishing that this Court's exercise of personal jurisdiction over Defendants satisfies the constitutional protections of the due process clause. Accordingly, this Court should dismiss this lawsuit.

II. **ARGUMENT**

   A.  **Plaintiff's Seven Sentence Opposition Does Not Satisfy The High Burden On Plaintiff To Prove This Court's Jurisdiction.**

It is *Plaintiff's* burden to establish the Court's jurisdiction over Defendants. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Despite this burden, Plaintiff filed a vague seven sentence opposition brief. It is impossible to discern from this ambiguous submission what the legal basis is for Plaintiff's claim that California has personal jurisdiction over Defendants. He does not say whether California has general or specific personal jurisdiction over Defendants. Given that it is *his* burden to prove jurisdiction, Plaintiff's failure to

even articulate the legal basis for this Court's jurisdiction, in itself, is reason enough for this Court to dismiss this lawsuit.

### B. Plaintiff Cannot Prove That This Court Has General Personal Jurisdiction Over Defendants.

#### 1. The burden of establishing general jurisdiction is high.

Based on the cases cited in Plaintiff's opposition brief and his reference to "the economic reality test," it appears that he claims that California has general jurisdiction over Defendants. To satisfy this test, Plaintiff must demonstrate that Defendants' business contacts with California were "substantial" or "continuous and systematic." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1330 (9th Cir. 1984). "It is the nature and extent of the contacts that determines whether they are 'substantial' or 'continuous and systematic.' Longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets are among the indicia of such a presence." *Id*. at 1331. However, "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125 (9th Cir. 2002); *Gates Learjet Corp.*, 743 F.2d at 1330 (no jurisdiction over defendants despite several visits and purchases in forum, solicitation of contract in forum which included choice of law provision favoring forum, and extensive communication with forum).

The burden of establishing general jurisdiction is "high" as "the level of contact with the forum state necessary to establish general jurisdiction is quite high." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990), *rev'd on other grounds*, 499 U.S. 585 (1991). Indeed, the Ninth Circuit has underscored the difficulty in establishing general jurisdiction:

> The Supreme Court has upheld general jurisdiction only once . . . . *Perkins v. Benquet*, 342 U.S. 437, 96 L. Ed. 485, 72 S. Ct. 413 (1952). We have stated that "the Perkins holding that the cause of action need not arise out of the defendant's activities in the forum is limited to its unusual facts," *Congoleum Corp. v. DLW Aktiengessellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984), and regularly have declined to find general jurisdiction even where the contacts were quite extensive.

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993).

**2.    Plaintiff's perjurous declaration should be rejected and does not come close to meeting the high burden of establishing general jurisdiction.**

In opposing a motion to dismiss, Plaintiff cannot rely on conclusory allegations contained in affidavits and pleadings but "must assert particular facts which establish the necessary ties between the defendant and the forum state." *Fujitsu-ICl Systems Inc. v. Efmark Service Co. of Ill.*, No. 00-CV-0777, 2000 WL 1409760 at * 2 (S.D. Cal. June 29, 2000).

In the face of the high burden to prove general jurisdiction and the requirement that Plaintiff submit admissible and nonconclusory evidence, Plaintiff submitted a one page, seven sentence opposition brief and a declaration chalk-full of conclusive allegations and false statements. Along with this reply brief, Defendants have filed objections to Plaintiff's declaration. The Court should sustain Defendants' objections and strike Plaintiff's entire declaration. *See Travelers Cas. & Sur. Co. v. Telstar Constr. Co.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003) (considering motion to strike filed with reply brief as "affidavits and exhibits submitted in support of the Response to the [motion to dismiss] must comply with the Rules of Evidence"); *Hancock v. Hitt*, 1998 U.S. Dist. LEXIS 10058, at *2 (N.D. Cal. June 9, 1998) ("plaintiff must produce admissible evidence to support the court's exercise of personal jurisdiction").

In fact, Plaintiff's declaration – which he signed under penalty of perjury – contains a number of outright fabrications that are undeniably contradicted by irrefutable evidence. For example, he says that he paid California income taxes for work he performed for Defendants in California in 2005 and 2006, yet his 2006 W-2 says he paid income taxes in Virginia, and he completed a W-4 in December 2005 indicating that his address was in Virginia. Plaintiff's Dec., ¶14; Declaration of Mark Cordover, Exs. E & F. It is simply not possible – and a false statement – that Plaintiff paid California income taxes for his work for Defendants. Indeed, contrary to the foregoing, unsupported statement, Plaintiff admits in the declaration that "throughout 2006, I traveled to the San Francisco Bay area [sic] for business" and "physically worked in the District of Columbia and State of Virginia." Plaintiff's Dec., ¶5.

Furthermore, Mr. Yung swears that "deductions were made from my paychecks for

OHS West:260376315.3      - 3 -      DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
07-CV-5949

California unemployment insurance because Defendant companies were doing business in California" Yung Dec. ¶ 12. Besides being perjurous, this sentence simply does not make sense. Employees do not pay into unemployment insurance. The unemployment insurance program is financed by employers who themselves pay unemployment taxes on wages paid to employees. *See* California Unemployment Ins. Code §§ 901-995. Therefore, it is impossible that California unemployment insurance was deducted from Mr. Yung's paychecks,

Although Defendants understand that, for purposes of this motion, "conflicts between parties over *statements contained in affidavits* must be resolved in the plaintiff's favor" (*Schwarzenegger*, 374 F.3d at 800)(emphasis added)), this Court does not have to accept Plaintiff's statements that are contradicted by documentary evidence or turn a blind eye to Plaintiff's demonstrably untrue and perjurous declaration. *See* Federal Rule of Civil Procedure 11.[1]

Even if the Court admits Plaintiff's declaration into evidence, Plaintiff still does not present sufficient evidence that Defendants' contacts with California were "continuous or systematic" for purposes of general jurisdiction. He submitted no exhibits, but only bare, conclusory allegations that lack any specifics or foundation. Plaintiff's "evidence" is as follows:

- Plaintiff's conclusory alleges that defendants "did business" with six companies in California (Yung Dec., ¶4), but he does not explain what "doing business" means;
- Plaintiff alleges that he was hired mainly to establish presence and "business relations" in California (*Id*. at ¶5);
- Plaintiff alleges that he "worked via telephone and email" with alleged "customers of Defendant"(*Id*. at ¶7);
- Plaintiff alleges that three members of IT.com's board of technical advisors live in the San Francisco Bay Area (*Id*. at ¶9);
- Plaintiff and defendants' IT.com allegedly "pursued business with California

---

[1] Should the Court deny defendants' motion to dismiss based on Plaintiff's declaration, Defendants will bring a motion for sanctions – including terminating sanctions – pursuant to Rule 11 for plaintiff's deliberate attempts to deceive this Court. On the same day as filing this Reply Brief, Defendants sent plaintiff's attorney a letter demanding that he withdraw plaintiff's declaration before the hearing on this motion.

companies" and "actively recruited prospective employees in California" (*Id.* at ¶¶10-11); and

- Plaintiff alleges that defendants "have a payroll consisting of other" unnamed employees who are physically located in the Northern District (*Id.* at ¶14).

This is insufficient to establish general jurisdiction over Defendants. "Doing business" with six customers in California (whatever that means), soliciting businesses in California, contacting customers or even maintaining employees in California is not sufficient. *See, e.g., Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984) ("no court has ever held that the maintenance of even a substantial sales force within the state is a sufficient contact to assert jurisdiction in an unrelated cause of action."); *Thomas P. Gonzales Corp. v. Consejo Nacional De Produccion De Costa Rica*, 614 F.2d 1247, 1254 (9th Cir. 1980) ("[U]se of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the state."); *Phillips v. Worldwide Internet Solutions*, No. 05-5125, 2006 U.S. Dist. Lexis 44152, at * 15 (N.D. Cal. June 20, 2006) (company's three California customers and partnerships with California vendors does not meet the "high" burden of establishing general jurisdiction); *Lumascape USA, Inc. v. Vertex Lighting*, Inc., 2006 U.S. Dist. LEXIS 25093, at *6-*10 (N.D. Cal. 2006) (refusing to find general jurisdiction where defendant's contacts with California include $1.5 million in sales to twenty California customers and maintained sales representatives in California); *Ridgewood Ass., Inc. v. Trumpwer*, No. 06-1376, 2006 WL 3147439, at * 4 (E.D. Cal. Oct. 31, 2006) (a series of business trips made and meetings held within the forum state in connection with business ventures fall short of approximating physical presence).[2]

Significantly, plaintiff cannot, and does not, dispute the following evidence submitted by defendants, which must, therefore, be accepted as true:

- Defendants are incorporated in the District of Columbia;

---

[2] *See also Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("Visits on such business, even if occurring at regular intervals, would not warrant the inference that the corporation was present within the jurisdiction"); *Noonan v. Winston Co.*, 135 F.3d 85, 92-93 (1st Cir. 1998) (finding nonresident company's regular and frequent telephone calls, faxes, and letters to resident company to solicit business insufficient to establish general jurisdiction.)

- Defendants' principal place of business is in the District of Columbia;
- Defendants have no offices in California;
- Defendants are not authorized to do business in California;
- Defendants do not have an agent for service of process in California;
- Defendants do not have any bank accounts in California;
- Defendants do not lease or own real property in California;
- Defendants do not advertise in California; and
- Defendants do not have telephones within California.

*See U.S. Merchant Systems, LLC v. A Furniture Homestore LLC*, 2007 U.S. Dist. LEXIS 35511, *8-*9 (N.D. Cal. 2007) (accepting as true facts presented by defendants in support of motion to dismiss for lack of personal jurisdiction, but not contradicted by plaintiff); *Kirsch v. Cuadra*, 2005 U.S. Dist. LEXIS 25386, at *24 (N.D. Cal. 2005).

In light of the totality of the evidence, Plaintiff cannot demonstrate that this Court has general jurisdiction over Defendants.

### C. This Court Does Not Have Specific Personal Jurisdiction Over Defendants

Although he does not argue it, Plaintiff also fails to prove that this Court can take specific personal jurisdiction over Defendants. In order to establish a prima facie case, Plaintiff must produce facts satisfying the first two prongs of the following three-prong test used to analyze a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*See Schwarzenegger*, 374 F.3d at 802.

Here, Plaintiff asserts claims for: (1) breach of written agreement, whereby Defendants allegedly promised to employ Plaintiff for three years, but terminated him without cause; (2)

1  unpaid wages for the month of December 2006; (3) conversion of a laptop computer that Plaintiff
2  claims belonged to him; and (4) fraud relating to Defendants' alleged promise to employ Plaintiff
3  for three years.  Each of these claims arises out of his employment with Defendants, an
4  employment that even Plaintiff admits took place in Washington, D.C.  *See* Plaintiff's Dec. ¶ 5 ("I
5  physically worked in the District of Columbia and State of Virginia").  Not one of Plaintiff's
6  claims arises out of or relates to Defendants' alleged forum-related activities.

### 1.     Plaintiff's contract claim.

Plaintiff's breach of contract claim is premised on his allegation that defendants promised to employ him for three years, but terminated him before the three years.  Plaintiff does not dispute the fact that his employment with Defendants was negotiated and entered into while both parties were in Washington, D.C. Cordover Declaration filed in support of Defendants' Motion to Dismiss ("Cordover Dec.") ¶¶ 7-9.

Plaintiff maintains, however, that "the employment agreement, which is the subject matter of the instant litigation was signed by me in the Northern District of California."[3] Plaintiff's Dec. ¶ 2.  Plaintiff offers no documentary evidence of any such employment agreement.  Assuming that Plaintiff did sign an employment agreement in California that was negotiated exclusively in Washington, D.C. that does not rise to the level of purposeful availment. *See McGlincy v. Shell Chem. Co.*, 845 F.2d 802, 816 (9th Cir. 1988) (execution of contract in California insufficient where substance of the relationship was formed outside the forum).

Moreover, he does not dispute that he signed a Stock Agreement while in Washington, D.C., and that agreement provides, among other things, that in the absence "of an employment agreement, or of a provision in such an agreement to the contrary, Participant acknowledges that he is an employee at will."  Cordover Dec., Ex. C, ¶ 5, 12.  This Stock Agreement, which contains a Washington, D.C. choice-of-law provision, governs Plaintiff's breach of contract claim that defendant allegedly terminated his employment prematurely.

---

[3] Plaintiff asserts he had a three-year employment contract with Defendants, but submits no such document to this court.  Defendants dispute this assertion.  *See* Defendants' Motion to Dismiss, p. 11, ln. 11-18.  The only paper Plaintiff signed relating to the terms of his employment was the Restricted Stock Agreement which was signed by Plaintiff in Washington, D.C., a fact he does not dispute.  *See id.*, Ex. C.

Plaintiff alleges that he was working, unpaid, for Defendants from November 11, 2005 to December 1, 2005 (Plaintiff's Dec. ¶ 6). However, this fact that is contracted by Plaintiff's own statements when, on November 19, 2005, Plaintiff emailed Mark Cordover and stated that he "plan(s) to start work on 12/01." Cordover Dec., Ex. A. Even if Plaintiff is believed, Plaintiff's alleged three weeks of employment in California is insufficient to establish specific jurisdiction over defendants for this claim. *See Markey v. Kudelski S.A.*, No. 06-CV-1300, 2007 WL 1110787, at *1 (S.D. Cal. April 3, 2007) (no specific personal jurisdiction in California over breach of employment contract case even though employee lived in San Diego and spent some time working from his home office).

Further, while Plaintiff alleges that Defendants "do business" in California, he has failed to provide any facts, or any allegations, that his breach of contract claim arises out of or relates to Defendant's alleged business activities in California. In fact, Plaintiff does not dispute that the action giving rise to his breach of contract claim – the termination of his employment – took place in Washington, D.C. and, thus, that claim does not arise out of any interaction with California. *See Katerndahl v. Brindenburg Securities*, No. C-96-2314, 1996 WL 743800, at *6 (N.D. Cal Dec. 9, 1996) (plaintiff's claim for breach of employment contract did not arise from any California activities because the termination did not occur in California).

Plaintiff has not established a prima facie showing that California has specific personal jurisdiction over Defendants with respect to his breach of contract claim.

### 2. Plaintiff's Conversion Claim

In his Complaint, Plaintiff alleges that when his employment was terminated, Defendants converted to their own use his MacBook Pro laptop computer. Complaint ¶¶ XII, XIII. In fact, Defendants have set forth evidence, through the sworn declaration of Mr. Cordover, that Defendants owned the laptop at issue and took it back from Plaintiff while all parties were in Washington, D.C. Plaintiff does not dispute these facts and provides no facts of his own to establish that his conversion claim arises out of or relates to Defendants' alleged contacts with California. The facts clearly show that Plaintiff has not established a prima facie case that California has specific jurisdiction over Defendants with respect to his conversion claim.

### 3. Plaintiff's Fraud Claim

Like Plaintiff's breach of contract claim, his fraud claim arises out of his alleged three-year employment agreement with Defendants. Plaintiff contends that Defendants allegedly offered him a three year employment agreement without any intention of performance and with the intent to defraud Plaintiff. Complaint ¶¶ XVI, XVII. Again, Plaintiff has produced no evidence that this alleged fraud arises out of or relates to any contact Defendants allegedly had with California. Further, Plaintiff does not dispute the fact that the alleged employment agreement was negotiated, entered into, and performed in Washington, D.C. In fact, he admits he was "physically present" in the District of Columbia and State of Virginia during his employment, but "throughout 2006, I traveled to the San Francisco Bay area [sic] for business." Yung Dec., ¶ 5.

Accordingly, Plaintiff has not established a prima facie case that California has specific personal jurisdiction over Defendants with respect to his fraud claim.

### 4. Plaintiff's Claim for Unpaid Wages

Plaintiff asserts a claim for unpaid wages for the month of December 2006, presumably under California Labor Code Section 203. Complaint ¶¶ IX, X. Plaintiff admits to have been physically working in Washington, D.C. and the State of Virginia during his employment with Defendants (Plaintiff's Dec. ¶ 5) and does not dispute the fact that he was living in the State or Virginia during this time. This claim does not belong in California.

## III. CONCLUSION

For all the foregoing reasons, defendants ITC and IT.com respectfully request that the Court dismiss this action, with prejudice, for lack of personal jurisdiction.

Dated: February 8, 2008

JULIE A. TOTTEN
MICHAEL D. WEIL
Orrick, Herrington & Sutcliffe LLP

/s/
MICHAEL D. WEIL
Attorneys for Defendants
INSTITUTIONAL TRADING CORPORATION
(erroneously sued as "Institutional Trading Company" and IT.COM

OHS West:260376315.3

- 9 -

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
07-CV-5949