1  JULIE A. TOTTEN (STATE BAR NO. 166470)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
2  400 Capitol Mall
   Suite 3000
3  Sacramento, CA 95814-4497
   Telephone:    +1-916-447-9200
4  Facsimile:    +1-916-329-4900

5  MICHAEL D. WEIL (STATE BAR NO. 209056)
   mweil@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
7  405 Howard Street
   San Francisco, CA 94105-2669
8  Telephone:    +1-415-773-5700
   Facsimile:    +1-415-773-5759
9
   Attorneys for Defendants
10 INSTITUTIONAL TRADING CORPORATION (erroneously
   sued as "Institutional Trading Company" and IT.COM
11

12                      UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                          SAN FRANCISCO DIVISION

15

16 | KWONG YUNG,                                  | Case No. 07-CV-5949

17 |         Plaintiff,                           | **DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

18 |    v.

19 | INSTITUTIONAL TRADING COMPANY, a
   | corporation, IT.COM, a corporation, DOES 1
20 | to 10,,                                      | Date:       February 22, 2008
   |                                              | Time:       10:00 a.m.
21 |         Defendants.                          | Courtroom:  1, 17th Floor
   |                                              | Judge:      Honorable Samuel Conti
22

23

24

25

26

27

28

OHS West:260381130.2

DEFENDANTS' OBJECTIONS TO EVIDENCE
SUBMITTED BY PLAINTIFF
07-CV-5949

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56(3), Federal Rules of Evidence 101-106, Civil Local Rule 7-5 and the Northern District of California's General Order 45 X.B, Defendants Institutional Trading Corporation ("ITC") and IT.com (collectively "Defendants") hereby object to the evidence submitted by Plaintiff Kwong Yung ("Plaintiff") in opposition to Defendants' Motion to Dismiss for lack of personal jurisdiction. Plaintiff's evidence consists solely of his declaration, a declaration that is unsigned, riddled with defects that violate the most basic evidentiary principles and chock-full of perjury. For example, Plaintiff makes broad statements about Defendants' business practices without establishing any personal knowledge to support them, and makes repeated statements of legal conclusions. For these reasons, and as set forth more fully below in the general and specific objections, Plaintiff's supporting declaration should be disregarded by the Court. *See FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 484-85 (9th Cir. 1991) (statements in declarations or other evidence which are not admissible may be stricken by the court).

Plaintiff also many of plaintiff's sworn statements are flatly contradicted by irrefutable evidence. For example, he says that he paid California income taxes based on his work with Defendants in California in 2005 and 2006, yet his 2006 W-2 says he paid income taxes in Virginia and he completed a W-4 in December 2005 indicating that his address was in Virginia. Although Defendants understand that, for purposes of this motion, conflicts between parties over statements contained in affidavits must be resolved in the Plaintiff's favor, this Court does not have to accept Plaintiff's statements that are contradicted by documentary evidence or turn a blind eye to Plaintiff's demonstrably untrue and perjurous declaration.

## II. GENERAL OBJECTIONS TO EVIDENCE

### A. Plaintiff's Supporting Declaration Must Be Disregarded Because It Was Not Signed And Filed In Accordance With General Order 45 X.B.

The Court should strike Plaintiff's declaration in its entirety because it was electronically filed without a signature. Pursuant to General Order 45 X.B., a signature attestation is required for any signatures which are not imaged. The signature on Plaintiff's declaration was a

conformed signature (*i.e.* /s/) and he has not filed a signature attestation stating that he is in possession of the original signature, rendering the declaration unsigned. *See* 28 U.S.C. § 1746 (requiring a signature on a declaration). An unsigned affidavit or declaration cannot be used to support a motion such as a motion to dismiss for lack of personal jurisdiction. *See id.*; *see also Barlow v. Connecticut*, 319 F. Supp. 2d 250, 259 (D. Conn. 2004) (unsigned statements not in conformity with Fed. R. Civ. Pro. 56(e) are not sufficient to defeat a motion for summary judgment); Local Civil Rule 7-5 (declarations in support of any motion to conform to Fed. R. Civ. P. 56(e)).

Accordingly, the Court should disregard Plaintiff's Declaration in its entirety.

### B. Statements In Plaintiff's Supporting Declaration Must Be Disregarded Because They Lack Foundation

It is axiomatic that declarations must set forth facts within the personal knowledge of the declarant. Fed. R. Evid. 602 (stating that a witness may not testify to a matter unless she has personal knowledge of the matter). *See also* Fed. R. Civ. P. 56(e) (requiring that affiants have personal knowledge). Accordingly, testimony must be excluded unless the witness actually perceived or observed that to which he testifies. *Latman v. Burdette*, 366 F.3d 744, 787 (9th Cir. 2004); *see also* 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 602.02 (2d ed. 2004) ("A witness may testify only about matters on which he or she has first-hand knowledge. The witness's testimony must be based on events perceived by the witness through one of the five senses.").

As noted in more detail in Defendants' Specific Objections, Plaintiff's declaration is filled with statements that are grounded in speculation and not personal knowledge. For example, Plaintiff states that "Defendant companies have a payroll consisting of other employees who are physically located in the Northern District of California." Yung Dec. ¶ 13. This is flatly untrue. In any event, while Plaintiff alleges to have been "chief scientist" employed by Defendants, he does not establish a foundation for how this position provided him with factual information regarding who was on Defendants' payroll and where those people lived and worked. Plaintiff's attempt to swear under oath about matters outside of his personal knowledge violates the most

fundamental rules of evidence.  *See* Fed. R. Evid. 602.  Plaintiff has not established that he has personal knowledge of some of the "facts" referred to in his declaration and therefore cannot establish a sufficient foundation for these so-called facts.  His failure to establish a foundation for this and other statements cited in Defendants' Specific Objections renders his testimony inadmissible.

### C. The Vague, Conclusory, And Overbroad Statements of Plaintiff's Supporting Declaration Should Not Be Considered By The Court

The Court should also disregard Plaintiff's declaration because it contains a number inadmissible statements and unreliable conclusions of ultimate facts.  Plaintiff's "affidavits and exhibits submitted in support of the Response to the [motion to dismiss] must comply with the Rules of Evidence."  *Travelers Cas. & Sur. Co. v. Telstar Constr. Co.*, 252 F. Supp. 2d 917, 923 (D. Ariz. 2003); *Hancock v. Hitt*, 1998 U.S. Dist. LEXIS 10058, at *2 (N.D. Cal. June 9, 1998) ("plaintiff must produce admissible evidence to support the court's exercise of personal jurisdiction").  Vague, conclusory and speculative testimony is improper and should not be considered by the Court.  *National Steel Corp. v. Golden Eagles Ins. Corp.*, 121 F.3d 496, 502 (9th Cir. 1997).  Accordingly, declarations containing conclusory, overbroad statements which are not grounded in factual matter must be excluded.  *See Far Out Prods.. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (holding that trial court properly disregarded declarations that failed to present any specific facts); *United States v. Nissan Van 1987*, 1994 U.S. App. LEXIS 37052, *8 (9th Cir. 1994) (holding that trial court properly disregarded declaration that set forth conclusory allegations without factual support).

Here, Plaintiff makes a number of overbroad, vague, and conclusory allegations, such as "Defendant was doing business in the Northern District of California" (Yung Dec., ¶4); he traveled to San Francisco "for business" (*Id*. ¶ 5); he "engaged business affiliates" in California for Defendants (*Id*.); he was in charge of establishing "business relationships" with California companies (*Id*.); Defendants "do business" with companies in California (*Id*. ¶ 4.); and he "pursued business" with California companies (*Id*. ¶ 10).  However, Plaintiff's declaration provides no facts setting forth what "doing business" or "business affiliates" mean, or specifically

what actions of Defendants in California constitute "doing business." The Court should accordingly deem such statements to be overbroad, vague and conclusory and refuse to admit them.

### D. Plaintiff's Statements Of Legal Conclusions Should Not Be Considered By The Court

Federal Rules of Evidence 701 and 702 prohibit the admission of statements of legal opinion or legal conclusions. And, "[i]t is well settled that courts should disregard conclusions of law (or 'ultimate fact') found in affidavits. . . ." *F.R.C. Int'l, Inc. v. United States*, 278 F.3d 641, 643 (6th Cir. 2002); *accord Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 801 (8th Cir. 2004). *See also United States v. Hearst*, 563 F.2d 1331, 1351 (9th Cir. 1977) (holding that a statement is an inadmissible legal opinion where it uses terminology, "the meaning of which is not reasonably clear to laymen"); *see also Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997) ("a district court abuses its discretion when it allows a witness to define legal terms, especially terms that carry a considerable amount of legal baggage").

As noted in further detail in Defendant's Specific Objections, Plaintiff's declaration purports to claim that Defendants do business in California. For instance, Defendant states that "Defendant was doing business in the Northern District of California because it was my job to contact its customers located in said District." Yung Dec. ¶ 4. Stating that Defendant was "doing business" in California such that California has personal jurisdiction over a defendant, is a legal conclusion that only the courts can reach after consideration of specific facts relating to defendant's connection with the forum state. *See e.g. Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) ("showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there"). Accordingly, these and the other legal conclusions contained in Plaintiffs' declarations must be disregarded. *See Hearst*, 563 F.2d at 1351.

### III. SPECIFIC OBJECTIONS TO EVIDENCE

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION |
|---|---|
| 1. **Yung Dec., ¶ 2:** "The employment agreement, which is the subject matter of the instant litigation was signed by me in the Northern District of California." | The statement is barred by the best evidence rule because it fails to attach the alleged employment agreement. *See* FRE 1001.<br><br>The statement is also inadmissible because it improperly states a legal conclusion as to the "Northern District of California." *See F.R.C. Int'l, Inc.*, 278 F.3d at 643; *Hearst*, 563 F.2d at 1351. |
| 2. **Yung Dec., ¶ 3:** "The work I was hired to do was to be performed in the Northern District of California." | The statement is vague and conclusory in particular to the meaning of "the work I was hired to do" and "was to be performed." *See National Steel Corp.*, 121 F.3d at 502.<br><br>The statement is also overbroad and not grounded in factual matter. *See Far Out Prods.. v. Oskar*, 247 F.3d at 997.<br><br>Further, the statement is inadmissible because it improperly states a legal conclusion that the work was performed in the Northern District of California for purposes of establishing personal jurisdiction over Defendants. *See F.R.C. Int'l, Inc.*, 278 F.3d at 643; *Hearst*, 563 F.2d at 1351. |
| 3. **Yung Dec., ¶ 4:** "Defendant was doing business in the Northern District of California because it was my job to contact its customers located in said District." | The statement is vague and conclusory in particular to the meaning of "doing business" and that contacting customers means "doing business in the Northern District of California." *See National Steel Corp.*, 121 F.3d at 502.<br><br>The statement in its entirety is also overbroad and not grounded in factual matter because the declarant does not provide any facts supporting the assertion that Defendant "was doing business in the Northern District of California." *See Far Out Prods.. v. Oskar*, 247 F.3d at 997.<br><br>In addition, the statement lacks foundation because the declarant has failed to sufficiently establish that he has personal knowledge of Defendants' "customers" locations. *See* FRE 602. |

| | | |
|---|---|---|
| | | Further, the statement is inadmissible because it improperly states a legal conclusion that "doing business" in the Northern District of California and having customers located in the Northern District of California means that California has personal jurisdiction over Defendants. *See F.R.C. Int'l, Inc.*, 278 F.3d at 643; *Hearst*, 563 F.2d at 1351. |
| 4. | **Yung Dec., ¶ 4:** "Some of the Northern District customers Defendants do business within the District are Borland, Inxright, NEC, IBM, Microsoft and Google, through their local offices in the Northern District." | The statement is vague and conclusory in particular to the meaning of "do business." *See National Steel Corp.*, 121 F.3d at 502.<br><br>The statement in its entirety is also overbroad and not grounded in factual matter. *See Far Out Prods.. v. Oskar*, 247 F.3d at 997.<br><br>In addition, the statement also lacks foundation because the declarant has failed to sufficiently establish that he has personal knowledge of Defendants' "customers'" location and that Defendants' actually "do business" with said customers. *See* FRE 602.<br><br>Further, the statement is inadmissible because it improperly states a legal conclusion that since Defendants "do business" in the Northern District of California, and have customers' whose local officers were in the Northern District of California, the Northern District of California has personal jurisdiction over Defendants. *See F.R.C. Int'l, Inc.*, 278 F.3d at 643; *Hearst*, 563 F.2d at 1351. |
| 5. | **Yung Dec., ¶ 5:** "Throughout 2006, I traveled to the San Francisco Bay area for business." | The statement is vague and conclusory in particular to the meaning of "business." *See National Steel Corp.*, 121 F.3d at 502. The statement is also vague as to time.<br><br>The statement in its entirety is also overbroad and not grounded in factual matter because the declarant has not provided any facts as to what "business" required travel to the San Francisco Bay area and when exactly this travel took place. *See Far Out Prods.. v. Oskar*, 247 F.3d at 997. |

| | | |
|---|---|---|
| 6. | **Yung Dec., ¶ 5:**<br>"Even while I physically worked in the District of Columbia and State of Virginia, I actively engaged business affiliates in California on behalf of Defendants." | The statement is vague and conclusory in particular to the meaning of "actively engaged," "business affiliates," and "on behalf of Defendants." *See National Steel Corp.*, 121 F.3d at 502.<br><br>The statement is also overbroad and not grounded in factual matter as to the tasks he performed and for what business affiliates he performed them. *See Far Out Prods.. v. Oskar*, 247 F.3d at 997. |
| 7. | **Yung Dec., ¶ 5:**<br>"In fact, as chief scientist, I was charged with establishing business relationships with Silicon Valley, home to many other high-tech partners." | The statement is vague and conclusory in particular to the meaning of "chief scientist," "charged with," "establishing," "business relationships," and "other high-tech partners." *See National Steel Corp.*, 121 F.3d at 502.<br><br>The statement in its entirety is also overbroad and not grounded in factual matter as to the tasks performed in "establishing business relationships" and the identity of the "other high-tech partners". *See Far Out Prods.. v. Oskar*, 247 F.3d at 997.<br><br>In addition, the statement also lacks foundation because the declarant has failed to sufficiently establish that he has personal knowledge of Defendants' "high-tech partners." *See* FRE 602. |
| 8. | **Yung Dec., ¶ 6:**<br>"I started work for Institutional Trading Corporation even while I was still living in San Francisco, CA." | The statement is vague and conclusory in particular to the meaning of "started work." *See National Steel Corp.*, 121 F.3d at 502.<br><br>The statement in its entirety is also overbroad and not grounded in factual matter as to what work he performed for Institutional Trading Corporation. *See Far Out Prods. v. Oskar*, 247 F.3d at 997.<br><br>The statement is also misleading because it contradicts statements declarant made at the time. *See* Declaration of Mark Cordover filed in support of Defendants' Motion to Dismiss ("Cordover Dec.") Exs. A, B.<br><br>In addition, in contradicts a factual finding |

| | | |
|---|---|---|
| 1 | | made by the California Labor Commissioner at the Division of Labor Standards Enforcement. *See id.* at Exs. J, K. |
| 2 | | |
| 3 | | |
| 4 | 9. **Yung Dec., ¶ 6:**<br>"Between November 11, 2005 and December 1, 2005, I was actively working for ITC but was not paid." | The statement is vague and conclusory in particular as to the meaning of "actively working." *See National Steel Corp.*, 121 F.3d at 502. |
| 5 | | |
| 6 | | |
| 7 | | The statement in its entirety is also overbroad and not grounded in factual matter because the declarant has not provided any facts to establish that he was "actively working for ITC" between November 11, 2005 and December 1, 2005. *See Far Out Prods. v. Oskar*, 247 F.3d at 997. |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | Further, the statement is inadmissible because it improperly states a legal conclusion that declarant was an employee of ITC from November 11, 2005 and December 1, 2005 while living in San Francisco. *See F.R.C. Int'l, Inc.*, 278 F.3d at 643; *Hearst*, 563 F.2d at 1351. |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | The statement is also misleading because it contradicts statements declarant made at the time. *See* Cordover Dec. Exs. A, B. |
| 16 | | |
| 17 | | |
| 18 | | In addition, in contradicts a factual finding made by the California Labor Commissioner at the Division of Labor Standards Enforcement. *See id.* at Exs. J, K. |
| 19 | | |
| 20 | 10. **Yung Dec., ¶ 7:**<br>"I worked via telephone and e-mail with many business affiliates who were customers of Defendant, in the San Francisco Bay Area, including Borland, NEC and Google." | The statement is vague and conclusory in particular as to the meaning of "worked," "customers," and "business affiliates." *See National Steel Corp.*, 121 F.3d at 502. |
| 21 | | |
| 22 | | |
| 23 | | The statement in its entirety is also overbroad and not grounded in factual matter because the declarant has not provided any facts to establish exactly what work he did via telephone and e-mail, and the relationship between the "business affiliates" or "customers" and Defendants. *See Far Out Prods. v. Oskar*, 247 F.3d at 997. |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | Further, the statement is inadmissible because it |

| | |
|---|---|
| | improperly states a legal conclusion that the declarant was "actively working" so as to be considered an employee of ITC while living in San Francisco. *See F.R.C. Int'l, Inc.*, 278 F.3d at 643; *Hearst*, 563 F.2d at 1351. |
| 11. **Yung Dec., ¶ 8:**<br>"I was hired mainly to establish presence and business relations with customers in the Silicon Valley area." | The statement is vague and conclusory in particular as to the meaning of "hired mainly," "establish presence," "business relations," "customers," and "Silicon Valley area." *See National Steel Corp.*, 121 F.3d at 502.<br><br>Further, the statement is inadmissible because it improperly states a legal conclusion as to Defendants' presence in California for jurisdictional purposes. *See F.R.C. Int'l, Inc.*, 278 F.3d at 643; *Hearst*, 563 F.2d at 1351. |
| 12. **Yung Dec., ¶ 9:**<br>"IT.com has on its board technical advisers from Stanford University, Borland, and Google." | The statement is vague and conclusory in particular as to the meaning of "board" and "technical advisers." *See National Steel Corp.*, 121 F.3d at 502.<br><br>In addition, the statement also lacks foundation because the declarant has failed to sufficiently establish that he has personal knowledge of It.com's "board" and its "technical advisers." *See* FRE 602. |
| 13. **Yung Dec., ¶ 9:**<br>"Michael Klausner, Tod Nielsen, and Adam Bosworth all live in the San Francisco Bay area, actively work for IT.com, in the San Francisco Bay Area." | The statement is vague and conclusory in particular as to the meaning of "actively work for IT.com" and as to actually who these named individuals are and the nature of their relationship to IT.com. *See National Steel Corp.*, 121 F.3d at 502.<br><br>The statement in its entirety is also overbroad and not grounded in factual matter because the declarant has not provided any facts to establish the nature of the named individuals' relationships to IT.com. *See Far Out Prods.*, 247 F.3d at 997.<br><br>In addition, the statement also lacks foundation because the declarant has failed to sufficiently establish that he has personal knowledge of the individuals named, where they live, and their |

| | | |
|---|---|---|
| | | relationship to IT.com. *See* FRE 602.<br><br>Further, the statement is inadmissible because Declarant's use of the term "actively work" improperly states a legal conclusion to establish Defendants' presence in California for jurisdictional purposes. *See F.R.C. Int'l, Inc.*, 278 F.3d at 643; *Hearst*, 563 F.2d at 1351. |
| | 14. **Yung Dec., ¶ 10:**<br>"Mark Cordover and I have actively pursued business with California companies in California, pursuant to his directions, for Defendant companies." | The statement is vague and conclusory in particular as to the meaning of "actively pursued," "business," "California companies," and "in California." *See National Steel Corp.*, 121 F.3d at 502.<br><br>Further, the statement is inadmissible in its entirety because it improperly states a legal conclusion to establish Defendants' presence in California for jurisdictional purposes. *See F.R.C. Int'l, Inc.*, 278 F.3d at 643; *Hearst*, 563 F.2d at 1351. |
| | 15. **Yung Dec., ¶ 11:**<br>"Mark Cordover and I have actively recruited prospective advisers and employees in California for Defendant companies." | The statement is vague and conclusory in particular to the meaning of "actively recruited," and "prospective advisers" and "in California." *See National Steel Corp.*, 121 F.3d at 502.<br><br>The statement in its entirety is also overbroad and not grounded in factual matter because the declarant has not provided any facts to establish that prospective advisers and employees were actively recruited in California to work for Defendants. *See Far Out Prods.*, 247 F.3d at 997.<br><br>Further, the statement is inadmissible because Declarant's use of the terms "actively recruited" and "in California" improperly states a legal conclusion to establish Defendants' presence in California for jurisdictional purposes. *See F.R.C. Int'l, Inc.*, 278 F.3d at 643; *Hearst*, 563 F.2d at 1351. |
| | 16. **Yung Dec., ¶ 12:**<br>"Deductions were made from my paychecks for California unemployment insurance because | The statement is vague, conclusory, and incomprehensible in its entirety. *See National Steel Corp.*, 121 F.3d at 502. |

| | | |
|---|---|---|
| 1 | Defendant companies were doing business in California." | This statement is flatly contradicted by the California Unemployment Insurance Code. Employees do not pay into unemployment insurance. The unemployment insurance program is financed by employers who themselves pay unemployment taxes on wages paid to employees. *See* California Unemployment Ins. Code §§ 901-995.<br><br>The statement in its entirety is also overbroad and not grounded in factual matter because the declarant has not provided any facts to establish that said deductions from his paycheck were actually made and that "Defendant companies were doing business in California." *See Far Out Prods.*, 247 F.3d at 997.<br><br>The statement is also misleading and contradicts the statement made by the declarant in paragraph 5 of his same declaration, that he "physically worked in the District of Columbia and State of Virginia" throughout 2006.<br><br>To the extent the statement purports to prove exactly what deductions were made from Declarant's paycheck, it is barred by the best evidence rule because it fails to attach such documents. *See* FRE 1002.<br><br>In addition, the statement is inadmissible because Declarant's use of the term "Defendant companies were doing business in California" improperly states a legal conclusion as to Defendants' presence in California for jurisdictional purposes. *See F.R.C. Int'l, Inc.*, 278 F.3d at 643; *Hearst*, 563 F.2d at 1351.<br><br>Further, this statement is misleading because it directly contradicts documentary evidence provided by Defendant companies. *See* Cordover Dec. Ex. F.<br><br>In addition, in contradicts a factual finding made by the California Labor Commissioner at the Division of Labor Standards Enforcement. *See id.* at Exs. J, K. |
| 28 | 17. **Yung Dec., ¶ 13:** | The statement is vague and conclusory in |

| | |
|---|---|
| "Defendant companies have a payroll consisting of other employees who are physically located in the Northern District and do business here on Defendant's behalf." | particular as to the meaning of the terms "payroll," "physical located in the Northern District," and "do business here on Defendant's behalf." *See National Steel Corp.*, 121 F.3d at 502. The statement is also vague as to time.<br><br>The statement in its entirety is also overbroad and not grounded in factual matter. *See Far Out Prods.*, 247 F.3d at 997.<br><br>In addition, the statement also lacks foundation because the declarant has failed to sufficiently establish that he has personal knowledge of Defendants' payroll, who is on Defendants' payroll, where those individuals are located, what they do on behalf of Defendants, and where they do it. *See* FRE 602.<br><br>To the extent the statement purports to prove the location of who is on Defendants' payroll, it is barred by the best evidence rule because it fails to attach such documents. *See* FRE 1002.<br><br>In addition, the statement is inadmissible in its entirety because Declarant's use of the term "do business here" improperly states a legal conclusion as to Defendants' presence in California for jurisdictional purposes. *See F.R.C. Int'l, Inc.*, 278 F.3d at 643. |
| 18. **Yung Dec., ¶ 14:**<br>"I paid California State income taxes in 2005 and 2006 in income I earned in California while working for Defendants here which primarily consisted of expanding their business here and recruiting California residents to become their employees in this state." | The statement is vague, conclusory and incomprehensible in its entirety. *See National Steel Corp.*, 121 F.3d at 502.<br><br>The statement in its entirety is also overbroad and not grounded in factual matter. *See Far Out Prods.*, 247 F.3d at 997.<br><br>The statement is also misleading and contradicts the statement made by the declarant in paragraph 5 of his same declaration, that he "physically worked in the District of Columbia and State of Virginia" throughout 2006.<br><br>In addition, the statement is inadmissible because it improperly states a legal conclusion as to Defendants' presence in California for |

| | |
|---|---|
| | jurisdictional purposes. *See F.R.C. Int'l, Inc.*, 278 F.3d at 643; *Hearst*, 563 F.2d at 1351.<br><br>To the extent the statement purports to prove exactly what income taxes Declarant made and the source and source location of said income, it is barred by the best evidence rule because it fails to attach such documents. *See* FRE 1002.<br><br>Further, this statement is misleading because it directly contradicts documentary evidence provided by Defendant companies. *See* Cordover Dec. Exs E & F.<br><br>In addition, in contradicts a factual finding made by the California Labor Commissioner at the Division of Labor Standards Enforcement. *See id*. at Exs. J, K. |

Dated: February 8, 2008

JULIE A. TOTTEN
MICHAEL D. WEIL
Orrick, Herrington & Sutcliffe LLP


_____/s/_____
MICHAEL D. WEIL
Attorneys for Defendants
INSTITUTIONAL TRADING CORPORATION
(erroneously sued as "Institutional Trading Company" and IT.COM